[Crim. No. 30726. Second Dist., Div. Five. Dec. 23, 1977.]

In re MICHAEL G., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
MICHAEL G., Defendant and Appellant.

COUNSEL

Jeffrey L. Bear, under appointment by the Court of Appeal, and Bear & Sommer for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Donald D. Oeser and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HASTINGS, J.—Michael G., a minor, appeals from the juvenile court order of wardship (Welf. & Inst. Code, §§ 602, 726) upon the finding that he committed a violation of Penal Code section 242 (battery), a misdemeanor. He was placed on home probation in the custody of his parents, subject to certain terms and conditions. He now appeals.

Between 11:30 and 11:40 a.m. on October 15, 1976, appellant, a student at Polytechnic High, walked towards Scott Kasop, another student, in a threatening manner, saying, "You white boys come after me, then I'm going to back it up." He then ran towards Scott. As appellant started swinging punches, Scott defended himself by kicking

appellant in the side. Soon thereafter the fight was broken up by a school security guard. As Mr. Baldwin, a teacher in charge of discipline for 10th graders, was escorting Scott to the office, appellant hit Scott on the side of his head. Scott fell down, apparently unconscious.

Appellant contends that the court erroneously refused to exercise its discretion under section 725, subdivision (a) of the Welfare and Institutions Code[1] to place appellant on probation without declaring him a ward of the court.

At the hearing on appellant's motion for disposition under section 725, subdivision (a), the following colloquy occurred:

"Mr. Yamada: Your Honor, I urge the Court not to declare the minor a ward under 602.

"I ask the Court to consider placing the minor under a six-month program pursuant to Welfare and Institutions Code Section 725(a).

"The Court: You realize under 725(a), you can't impose conditions?

"Mr. Yamada: Your Honor, I believe that the Court can make certain orders.

"The Court: You cannot put any conditions on 725(a), none at all. It's illegal.

"Mr. Yamada: I believe that the Court can make certain orders that is enforceable by way of contempt proceedings.

"The Court: It's not true. It's an absolute fact that you cannot.

"Mr. Yamada: The Court cannot make it a lawful order?

"The Court: No. There is no lawful order of 725(a).

"Mr. Yamada: I would urge the Court to consider it.

---

[1]Section 725, states in pertinent part:
"After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows:
"(a) If the court has found that the minor is a person described by Section 601 or 602, it may, without adjudging such minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months."

"THE COURT: Because he's not a ward of the court is the reason why.

"MR. YAMADA: I would urge the Court to have the minor placed under 725(a), regardless.

"THE COURT: I understand what you're saying, and I simply don't agree with you. ·

"No. I think that the minor needs conditions of probation and he'll do 80 hours in the Department of Parks and Recreation."

However, under *In re Bacon,* 240 Cal.App.2d 34, 59-60 [49 Cal.Rptr. 322], the court stated, "[R]eading sections 725 and 726 in relation to each other, we conclude that where a minor is not made a ward of the court in cases where he is found to be a person described by sections 601 or 602, the court is limited, under the provisions of section 725, subdivision (a), to an order placing the minor on probation, under the supervision of the probation officer, for a period not to exceed six months. In placing a minor on probation under the supervision of the probation officer, 'a court undoubtedly may impose such *terms* as will bring home to the minor a realization of the seriousness of his delinquency.' [Citation.]" (Italics added.)

■ From the record it appears that the trial court was under an erroneous belief that it could not impose conditions upon probation unless appellant was declared a ward of the court under section 726. Thus, the exercise of judicial discretion to which appellant is entitled has not yet been exercised. Respondent, in his brief on appeal, agrees. This matter must, therefore, be remanded so that the court may determine, in light of *In re Bacon,* whether to impose judgment under section 725, subdivision (a), or whether once again to impose judgment under section 726, thereby making appellant a ward of the court.

The disposition order of March 28, 1977, is reversed and the matter is remanded for another disposition hearing.

Kaus, P. J., and Stephens, J., concurred.